2004 UT App 241

Alton HONE, as trustee for the Rulon J. Hone Family Inter Vivos Revocable Trust, Plaintiff and Appellant,

v.

Lloyd W. HONE, individually and as trustee of the Lloyd W. Hone Family Trust, Defendant and Appellee.

No. 20030404–CA.

Court of Appeals of Utah.

July 15, 2004.

---

Charles M. Bennett, Blackburn & Stoll, LC, and Albert N. Pranno, Corporon & Williams, PC, Salt Lake City, for Appellant.

Frederick A. Jackman, Orem, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and THORNE, J.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 Alton Hone appeals the trial court's refusal to reform a deed. We affirm.

## BACKGROUND

¶ 2 Two brothers, Alton and Lloyd Hone, along with their mother Alta Hone, were trustees of a trust (Trust) of which Alta Hone was the beneficiary. When Alta Hone became ill and needed institutional health care, the brothers wanted their mother to receive Medicaid benefits. However, they understood that if she did, then certain property owned by the Trust—specifically, the family homestead (Homestead)—would be subject to a Medicaid lien.

¶ 3 The brothers sought a way for their mother to receive Medicaid benefits without subjecting the Homestead to a Medicaid lien or otherwise depleting the assets of the Trust. After Lloyd Hone met with Medicaid representatives, he reported to Alton Hone that a Medicaid lien could be avoided if the Homestead were transferred to him because he had lived in the home for the required amount of time, had taken care of their mother, and was himself disabled. Lloyd Hone then promised that if the Homestead were transferred to him, he would transfer it back to the Trust after Alta Hone died.

¶ 4 On February 28, 1994, the Homestead was transferred to Lloyd Hone. Alta Hone died on December 25, 1995. Thereafter, Lloyd Hone refused to transfer the Homestead back to the Trust. Alton Hone brought suit on behalf of the Trust to recover the Homestead. After a bench trial, the trial court refused to reform the deed to place ownership back in the Trust because insofar as Lloyd Hone's promise to retransfer the property was enforceable, then Alton Hone, as a trustee, had deceived Medicaid about the true nature of the original transfer, and thus had unclean hands. Alton Hone appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 5 Alton Hone argues that the trial court erred by finding that (1) the doctrine of unclean hands applies to Alton Hone and (2) the equities weigh in favor of Lloyd Hone. "On appeal from a bench trial, '[f]indings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' " *Tanner v. Carter*, 2001 UT 18,¶ 2, 20 P.3d 332 (alteration in original) (citation omitted). Also, because a trial court is in an "advantaged position" to consider equities, we give "considerable deference to [its] findings and

judgment." *Jacobson v. Jacobson,* 557 P.2d 156, 158 (Utah 1976).

## ANALYSIS

¶ 6 Alton Hone claims that the trial court erred by refusing to reform the deed to place ownership of the Homestead back in the Trust. Alton Hone first argues that the trial court abused its discretion by finding that the doctrine of unclean hands applied to Alton Hone. We disagree.

¶ 7 Under Utah law, a plaintiff "who has engaged in fraud or deceit in the business under consideration" will be denied equitable relief "when fairness and good conscience so demand." *Jacobson v. Jacobson,* 557 P.2d 156, 158 (Utah 1976); *see also Park v. Jameson,* 12 Utah 2d 141, 364 P.2d 1, 3 (1961) (recognizing that a plaintiff must come to equity with clean hands). In other words, a party who seeks an equitable remedy must have acted in good faith and not in violation of equitable principles. The trial court found that Alton Hone did not act in good faith when he participated in the original transfer of the Homestead to avoid a Medicaid lien. We agree.

¶ 8 Alton Hone approved the transfer of the Homestead to Lloyd Hone to permit their mother to receive Medicaid benefits without subjecting the property to a Medicaid lien. The record indicates that Alton Hone knew Lloyd Hone was the only family member who was an eligible transferee under Medicaid rules. A transfer of the Homestead to Lloyd Hone, however, complied with Medicaid rules only if all property rights were transferred to Lloyd Hone. *See* 42 U.S.C. § 1396p(c) (1994).[1] Thus, insofar as Lloyd Hone's verbal promise to reconvey the property upon Alta Hone's death is enforceable, the original transfer did not transfer all property rights to Lloyd Hone, but rather resulted in Lloyd Hone holding the property in trust for the Trust.[2]

¶ 9 This creates a dilemma for Alton Hone. On the one hand, there are no legal grounds to reform the deed and place ownership of the Homestead back in the Trust unless Lloyd Hone's promise to reconvey the property is legally enforceable on equitable grounds. On the other hand, insofar as Lloyd Hone's promise to reconvey the property is legally enforceable, the original transfer, which Alton Hone approved, was a sham designed to deceive Medicaid. As the trial court recognized, Alton Hone cannot maintain both (1) that he did nothing wrong when he represented to Medicaid as a trustee of the Trust that the Homestead had been transferred to an eligible transferee, Lloyd Hone; and (2) that Lloyd Hone always was legally obligated to transfer the property back to the Trust upon Alta Hone's death. Because Alton Hone maintains that Lloyd Hone's promise to reconvey the property is legally enforceable, he deceived Medicaid when the property was originally transferred. For this reason, we cannot say that the trial court abused its discretion in concluding that Alton Hone does not come with clean hands.[3]

¶ 10 Second, Alton Hone agues that even if he does not come with clean hands,

1. Because as a trustee of the Trust, Alton Hone is presumed to know the relevant Medicaid rules, the trial court correctly considered Alton Hone to have known that anything short of a full transfer of the Homestead to Lloyd Hone did not comply with Medicaid rules.

2. Alton Hone does not dispute that if Lloyd Hone were merely holding the Homestead in trust, then Lloyd Hone would not have qualified as an eligible transferee under Medicaid rules. Rather, Alton Hone claims that certain facts necessary for an "adjustment or recovery" action against the Homestead—e.g., whether Alta Hone received institutional care and whether she reasonably could have been expected to return home—are not part of the record. From this, Alton Hone concludes that the evidence does not support a finding that the agreement to retransfer the Homestead would have violated Medicaid rules. However, because Alton Hone did not raise this issue below or argue plain error on appeal, we need not address the issue on appeal. *See Harris v. IES Assoc., Inc.,* 2003 UT App 112, ¶ 45 n. 15, 69 P.3d 297 (stating that where an appellant "did not raise [an] argument below . . . we need not consider it").

3. Alton Hone also argues that the agreement to retransfer the Homestead was not improper because "if Alta Hone never applied for Medicaid or if she applied for Medicaid and fully disclosed the [nature of the transfer], there would be no impropriety." This also misses the point. The question is not whether the transfer would have been proper under different facts, but whether the transfer would have violated Medicaid rules under the facts of this case. Because Alta Hone did receive Medicaid benefits, insofar as Lloyd

the equities nonetheless weigh in his favor. Because a trial court is in an "advantaged position" to consider equities, we give "considerable deference to [its] findings and judgment." *Jacobson*, 557 P.2d at 158. While Lloyd Hone deceived Alton Hone about retransfering the property after their mother's death, Alton Hone, by his actions, would have deceived Medicaid because the transfer of the Homestead to Lloyd Hone, as Alton Hone understood it, would not have complied with Medicaid rules. Under these circumstances, we cannot say that the trial court abused its discretion by determining that the equities did not weigh in Alton Hone's favor.

## CONCLUSION

¶ 11 Because Alton Hone deceived Medicaid under the only legal theory by which

Hone's promise to retransfer the Homestead is

Alton Hone is entitled to equitable relief, the trial court did not abuse its discretion by finding that the doctrine of unclean hands applied to Alton Hone. In addition, the trial court did not abuse its discretion by weighing equities in favor of Lloyd Hone. Accordingly, we affirm.

¶ 12 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

legally enforceable, Medicaid rules were violated.